IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Todd DiPiero, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| -----------------------------------------------------------------) | | |
| Lauren I. Pausch, | ) | Adversary No. 15 A 00337 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | (underlying bankruptcy |
| | ) | case no. 15 B 05807) |
| Todd DiPiero, | ) | |
| | ) | |
| Defendant. | ) | Hon. A. Benjamin Goldgar |

**NOTICE OF MOTION**

TO:  See Attached Serivice List

      PLEASE TAKE NOTICE that on March 9, 2016 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar in Room 642 of the Dirkson Federal Courthouse, 219 S. Dearborn St., Chicago, Illinois, or in his absence, before any other Judge who may be sitting in his stead, and shall then and there present **Plaintiff's Motion to Strike Answer and Affirmative Defenses**, a copy of which was previously filed and previously served upon you.

                                                                                /s/ Kyle A. Lindsey

Kyle A. Lindsey
Johnson Legal Group, LLC
140 S. Dearborn Street, Suite 1510
Chicago, Illinois 60603
(312)345-1306

**CERTIFICATE OF SERVICE**

    I, Kyle A. Lindsey, an attorney, certify that I served true and correct copies of the foregoing notice and document to which it refers to the persons listed on the attached service list via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid, and depositing them in the United States Mail Chute at 140 S. Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on March 4, 2016.

                                                                                /s/ Kyle A. Lindsey

SERVICE LIST

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Stephen M. Komie    stephen_m_komie@komie-and-associates.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

- (No manual recipients)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Todd DiPiero, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| ---------------------------------------------------------------- | ) | |
| Lauren I. Pausch, | ) | Adversary No. 15 A 00337 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | (underlying bankruptcy |
| | ) | case no. 15 B 05807) |
| Todd DiPiero, | ) | |
| | ) | |
| Defendant. | ) | Hon. A. Benjamin Goldgar |

**PLAINTIFF'S MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES the Plaintiff, Laura I. Pausch, her attorneys, Kyle A. Lindsey and Johnson Legal Group, LLC and moves this Honorable Court to strike the Answer ad Affirmative Defenses filed by Defendant, Todd DiPiero ("Defendant"), and in support of this motion, states as follows:

I.   Deficiencies of Defendant's Answer.

1. Plaintiff filed an Adversary Complaint (hereafter, "Complaint") on May 18, 2015.

2. The Complaint has been filed to determine the Non-dischargeability of a debt against Defendant asking the Court to make a specific finding in said judgment order that the sums due and owing by Defendant are a non-dischargeable debt under 11 U.S.C. 523(a)(6). *See* Adversary Complaint, Docket entry 1.

3. Paragraph 2 of the Adversary Complaint alleges as follows:

> This adversary proceeding is a core proceeding under Sections 157(b)(2)(I) of Title 28 of the United States Code.

4. On September 24, 2015, Defendant's attorney filed an Answer and Jury Demand to the Complaint. *See* Docket entry 29.

5. The Court struck Defendant's Answer and Jury Demand on September 28, 2015 as it failed to comply with the form required by federal rules.

6. On October 9, 2015, Defendant's attorney filed an Answer and Jury Demand to the Complaint. *See* Docket entry 33. The Answer made a general denial of the Complaint

7. At the subsequent status hearing on December 16, 2015, the Court advised defendant's counsel that a general denial is improper in this context as FRBP 7012 requires an answer whether the matter is core or non-core.

8. Further the Court assured defense counsel that actions seeking a declaration of non-dischargeability are within the jurisdiction of the bankruptcy court.

9. The Court continued the matter for defense counsel to either withdraw the Answer and Jury Demand or explain why a Rule to Show Cause should not be undertaken by the Court regarding defendant's answer.

10. On January 20, 2016, Defendant's attorney filed a Motion for Leave to Amend Answer which was granted by the Court on January 22, 2016.

11. On February 22, 2016, Defendant's attorney filed the current Amended Answer to Complaint and Jury Demand which this motion addresses.

12. On March 2, 2016, the Court held a status hearing in this matter in which the Court indicated that it was striking the Defendant's jury demand.

13. Additionally, the Court noted that the Defendant had failed to answer whether the matter was core or non-core once again.

14. The Federal Rules of Bankruptcy Procedure provide as follows:

**(b) Applicability of Rule 12(b)-(i) F.R.Civ.P.**
Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings. A responsive pleading shall admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, it shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge. In non-core proceedings final orders and judgments shall not be entered on the bankruptcy judge's order except with the express consent of the parties.  Fed. R. Bankr. P. 7012.

15. Defendant's Answer does not comply with the court rules because it fails to admit or deny the allegation asserted in Paragraph 2 of Count I that the proceeding is core.

16. Defendant's answer regarding paragraph two of the Complaint ignores that the instant action seeks a declaration of non-dischargeability regarding a judgment held by Plaintiff against Defendant and instead asserts that the present matter regards a tort matter, and is therefore outside the jurisdiction of this Court pursuant to 28 U.S.C. § 157(b)(5).

17. The Complaint states very plainly that this action is seeking a finding of non-dischargeability of the underlying judgment.  While the action giving rise to the judgment was raised in tort, the matter before this Court is not based in tort.

II.   Deficiencies of Defendant's Affirmative Defenses.

18. Defendant states that this Court lacks jurisdiction to hear this matter pursuant to 11 U.S.C. § 157(b)(5).

19. Assuming the Defendant was in fact referring to 28 U.S.C § 1d57(b)(5), his position is still incorrect.

20. As stated before, the Complaint does not present an action under tort law, but instead is an action seeking a declaration of non-dischargeability of a judgment.

21. Though the underlying action giving rise to the judgment was based in tort, the present action is not.

22.     Additionally, 28 U.S.C. §157(b)(2)(I) specifically grants this Court jurisdiction to hear precisely this type of case.

23.     The Defendant states that this Court lacks jurisdiction pursuant to the Seventh Amendment to the Constitution of the United States because this matter is a claim in excess of $20.

24.     The Complaint at no point seeks a money judgment, but instead seeks a declaration of non-dischargeability of the underlying judgment.  As such, the Seventh Amendment does not bar jurisdiction of the bankruptcy court to hear this matter.

25.     Additionally, Defendant states he "was denied the opportunity to present a defense," in the underlying matter.  *See* Docket entry 41 at paragraph 42.

26.     This statement directly contradicts the Defendant's Answer at paragraphs 8 and 10 stating that Defendant had appeared in court and was given the opportunity to obtain counsel and answer.

27.     Paragraph 42 of the Answer further states that the Defendant had a right to a jury trial under the Seventh Amendment extended to the states by the Fourteenth Amendment.

28.     This is an untrue statement of the law as the Seventh Amendment has never been made applicable to the States by the Fourteenth Amendment or any other means, and the U.S. Supreme Court has specifically denied any attempt to extend the right to jury trials in civil cases to the States even when the State is evaluating a federal cause of action. *Minneapolis & St. Louis Railroad Co. v. Bombolis*, 241 U.S. 211 (1916) (See also *Howlett v. Rose*, 496 U.S. 356 (1990) at footnote 17).

29. At paragraphs 42 and 44 of Defendant's Answer, he alleges that his rights to due process under the Fourteenth Amendment and the Equal Protection Clause of the Constitution were violated by the Circuit Court of Milwaukee County, Wisconsin.

30. This Court does not have the authority to conduct appellate review of the decisions of any court, let alone courts within the State of Wisconsin, and Defendant's affirmative defense in this regard fails to demonstrate any basis upon which this Court could determine whether the courts of Wisconsin violated the Constitutional rights of the Defendant.

III. <u>Deficiencies of Defendant's Demand for Jury Trial.</u>

31. Defendant has demanded trial by jury pursuant to the Seventh Amendment of the U.S. Constitution.

32. However, Defendant has failed to demonstrate that he is entitled to a jury trial in this matter.

33. Defendant alleges that he is entitled to a jury trial because this case seeks judgment in excess of $20.

34. This is incorrect. The Complaint does not seek a money judgment, and instead seeks a declaration that the previously obtained judgment is non-dischargeable.

35. Additionally, Defendant's Answer alleges that he is entitled to a jury trial because the action is one brought in tort law.

36. This is incorrect. The Complaint is an action for non-dischargeability regarding an underlying debt created by a judgment. Though the judgment arose from a tort action, the present matter is not a tort action.

WHEREFORE, the Plaintiff, Lauren I. Pausch, asks this Honorable Court to strike Defendant's entire Answer, Affirmative Defenses, and Jury Demand, and grant such other and further relief as is just and equitable.

        Respectfully Submitted,
        Lauren I. Pausch

        By: /s/ Kyle A. Lindsey_____
          One of her attorneys

Kyle A. Lindsey
Johnson Legal Group, LLC
140 S. Dearborn Street, Suite 1510
Chicago, Illinois 60603
(312) 345-1306