IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Todd DiPiero, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| ---------------------------------------------------------------) | | |
| Lauren I. Pausch, | ) | Adversary No. 15 A 00337 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | (underlying bankruptcy |
| | ) | case no. 15 B 05807) |
| Todd DiPiero, | ) | |
| | ) | |
| Defendant. | ) | Hon. A. Benjamin Goldgar |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Plaintiff, Laura I. Pausch (hereafter, "Plaintiff"), her attorneys, Kyle A. Lindsey and Johnson Legal Group, LLC and in support of her Motion to Strike the Answer and Affirmative Defenses (doc. 44) filed by Defendant, Todd DiPiero ("Defendant"), states as follows:

#### INTRODUCTION

The newest Answer and Affirmative Defenses filed by Defendant, still do not admit or deny whether this case is a core proceeding.  And, despite being admonished on this basis by the Court that such is required, and despite being admonished by this Court that Defendant's claim for a jury trial in this case is not supported by the law and that Defendant's claim that this Court cannot decide this matter because it is a claim for money damages over $20.00 is not legally correct, Defendant's newest Answer and the Affirmative Defenses appended thereto continue to make these same points.

1

Since there is no basis in law for these statements in that Answer and in those Affirmative Defenses, and for failure to answer whether the case is core or non-core, Defendant's pleading must be stricken.

## ARGUMENT

I. <u>Defendant's Newest Answer Must be Stricken as Defendant Refuses, Yet Again, to Simply Admit or Deny the Allegation that this Case is a Core Proceeding.</u>

The Complaint in this case was filed to determine the dischargeability of a debt against Defendant asking the Court to make a specific finding that a judgment in favor of Plaintiff and against Defendant is a non-dischargeable debt under 11 U.S.C. 523(a)(6). *See* Adversary Complaint (doc. 1).

Paragraph 2 of the Adversary Complaint alleges as follows:

> This adversary proceeding is a core proceeding under Sections 157(b)(2)(I) of Title 28 of the United States Code.

Federal Rule of Bankruptcy Procedure 7012 (incorporating Federal Rule of Civil Procedure 12) provides as follows, as specifically relates to proceedings before the bankruptcy courts:

> **(b) Applicability of Rule 12(b)-(i) F.R.Civ.P.**
> Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings. A responsive pleading shall admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, it shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge. In non-core proceedings final orders and judgments shall not be entered on the bankruptcy judge's order except with the express consent of the parties.  Fed. R. Bankr. P. 7012.

Despite this requirement, and despite being admonished by this Court on a number of occasions, Defendant, in his most recent Amended Answer (doc. 41), failed to admit or deny whether the matter was core or non-core, just as he has failed to do in each of his prior answers.  Defendant provides no legally justifiable reason why his newest Answer does not

2

comply with FRBP 7012; why Defendant inexplicably fails, yet again, to admit or deny the allegation asserted in Paragraph 2 of Count I that the proceeding is core.

    II.    <u>Defendant's Theory That This Court Lacks Jurisdiction to Hear a Complaint to Determine Dischargeability is Simply Wrong as a Matter of Law and The Affirmative Defenses Based on That Premise Must be Stricken.</u>

In the Affirmative Defenses appended to the newest Answer, Defendant states that this Court lacks jurisdiction to hear this matter pursuant for a few reasons: (1) that 11 U.S.C. § 157(b)(5) bars this Court hearing the matter as it is a personal injury case, (2) that since the claim is one for money damages in excess of $20.00 Defendant is entitled to a jury trial under the Seventh amendment, and that bankruptcy courts cannot conduct jury trials and (3) Defendant was denied his rights to a jury trial in Wisconsin, the denial of such rights guaranteed by the U.S. Constitution—and, although it is not stated in the pleading, it is suggested that, somehow, this is a defense that stops this Court from hearing this case without also granting Defendant a jury trial.

Every one of these reasons evidences Defendant's complete lack of understanding of what a dischargeability determination is, what this Court is allowed and directed to do, what rights may be addressed by a bankruptcy court when a state court has already rendered a decision, and when the state's appellate court has ruled upon an appeal from that decision.

First, as to the allegation that this Court's jurisdiction is limited by 11 U.S.C. § 157(b)(5), since there is no such statute as 11 U.S.C. § 157, Defendant is likely referring to <u>28</u> U.S.C § 157(b)(5). But, even assuming Defendant means to refer to 28 U.S.C. § 157(b)(5) his position that said statute deprives this Court of jurisdiction over this case is still incorrect for a number of reasons.

Initially, this Court's jurisdiction is established in 28 U.S.C. § 1334, not by 28 U.S.C. § 157. Entitled "Procedures," 28 U.S.C. § 157(b)(5) bars bankruptcy courts from hearing cases in which the claim is based on tort. It is known as the personal injury exception to bankruptcy court jurisdiction. The statute is inapposite to this case as the Complaint here does not present an action under tort law, but instead is an action seeking a declaration of non-dischargeability of a judgment due to the applicability of 11 U.S.C. § 523(a)(6).

Additionally, even if, somehow, someone could contort the theory that the elements of proving a claim for non-dischargeability due to actions that would also serve as a basis for a tort claim (which all §523(a)(2), (4), and (6) claims do), means that every such dischargeability proceeding were actually a tort claim, Defendant would still not be right that the personal injury exception under § 157(b)(5) bars bankruptcy courts from hearing such claims. That is because the personal injury exception under § 157(b)(5) is not applicable in all matters that relate to a personal injury claim.

Though not binding on this Court, a majority of bankruptcy courts have concluded that bankruptcy courts have jurisdiction to hear "enough evidence to prove a "debt" that was the result of a "willful and malicious injury"" because the personal injury exception does not apply in these instances. *In re Smith*, 379 B.R. 315, 330 (Bankr. N.D. Ill. 2007); *See also, Ridley v. Holt (In re Holt),* 310 B.R. 675, 678-79 (Bankr. N.D.Tex.2004); *In re Manidis,* 1994 WL 250072, at *1-6; *In re Bumann,* 147 B.R. 44, 46-47 (Bankr. D N.D. 1992).

In the present matter, this Court is faced with the same issue. It has jurisdiction to hear enough evidence to prove that there is a debt due from Defendant to Plaintiff and to hear evidence that the debt was the result of Defendant's willful and malicious conduct toward Plaintiff. Therefore, this Court has jurisdiction to hear evidence necessary to prove

4

that the debt is excepted from discharge by 11 U.S.C. § 523(a)(6), and the personal injury exception under 28 U.S.C. § 157 does not constrain this Court in doing so.

Thus, any claim in the newest Answer or the Affirmative Defenses appended thereto that this Court cannot hear this case because of 11 [sic 28] U.S.C. § 157(b)(5) fails, and the newest Answer and Affirmative Defenses must be stricken.

Second, is the erroneous claim of Defendant that this Court lacks jurisdiction pursuant to the Seventh Amendment to the Constitution of the United States because this matter is a claim in excess of $20.00. The assertion is completely baseless as the Complaint, at no point, seeks a money judgment. Another court has already entered a money judgment. The Complaint in this cases alleges that said Judgment—the debt from Defendant to Plaintiff—should be declared to be non-dischargeable. As such, the Seventh Amendment does not bar jurisdiction of the bankruptcy court to hear this matter.

Likewise, this argument in the newest Answer or the Affirmative Defenses appended thereto fails, and the newest Answer and Affirmative Defenses must be stricken.

Third, Defendant alleges that he was deprived of his rights under the Seventh and Fourteenth Amendments to the U.S. Constitution in the case in Wisconsin. Although the Affirmative Defenses state this, they are devoid of any explanation as to why this might be a defense to the Complaint in this case. In the newest Answer at par. 2.B. and C, Defendant seems to be arguing that since he did not get some constitutionally guaranteed jury trial right in Wisconsin, this Court has a duty to transfer the case to the Federal District Court to try this non-dischargeability claim as if it were a tort claim in which he is entitled to a jury so that he finally has his jury trial. The argument is one created out of whole cloth, and is not supported at all by the Seventh or Fourteenth Amendments to the Constitution.

5

As a starting point, Defendant alleged that he "was denied the opportunity to present a defense," in the underlying matter (doc. 41 at paragraph 42). This allegation has no bearing on this adversary proceeding, and is simply wrong. It is wrong because this statement directly contradicts the newest Answer at paragraphs 8 and 10, where Defendant admits he had appeared in court in the Wisconsin case and was given the opportunity to obtain counsel and answer.

Despite the admission, in paragraph 42 of the newest Answer it states that Defendant had a right to a jury trial in the underlying litigation conferred by the Seventh Amendment extended to the states by the Fourteenth Amendment. This is an untrue statement of the law, as the Seventh Amendment *has never* been made applicable to the States by the Fourteenth Amendment or by any other means, and the U.S. Supreme Court has specifically denied any attempt to extend the right to jury trials in civil cases to the States even when the State is evaluating a federal cause of action. *Minneapolis & St. Louis Railroad Co. v. Bombolis*, 241 U.S. 211 (1916) (See also *Howlett v. Rose*, 496 U.S. 356 (1990) at footnote 17).

And, as a slightly different take on the same argument, Defendant further alleges, at paragraphs 42 and 44 of the newest Answer that his rights to due process under the Fourteenth Amendment and the Equal Protection Clause of the Constitution were violated by the Circuit Court of Milwaukee County, Wisconsin, implying that this somehow entitles him to demand a jury trial now. Essentially, the Defendant is asking this Court to review the actions of the Milwaukee Court and overrule the Judgment entered there against him. This Court does not have the authority to conduct appellate review of the decisions of any court, let alone courts within the State of Wisconsin. Defendant's affirmative defense in

this regard fails to demonstrate any basis upon which this Court could determine whether the courts of Wisconsin violated the Constitutional rights of the Defendant.

The Seventh Circuit has stated that "[t]his circuit has consistently emphasized that "taken together, *Rooker* and *Feldman* stand for the proposition that `lower federal courts lack jurisdiction to engage in appellate review of state-court determinations.'" *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996) *citing Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). *See also Levin,* 74 F.3d at 766; *Homola v. McNamara,* 59 F.3d 647, 650 (7th Cir.1995); *Wright v. Tackett,* 39 F.3d 155, 157 (7th Cir.1994), *cert. denied*; *Landers Seed Co., Inc. v. Champaign Nat'l Bank,* 15 F.3d 729, 732 (7th Cir.), *cert. denied*; *GASH Assocs. v. Village of Rosemont, Ill.,* 995 F.2d 726, 728 (7th Cir.1993); *Leaf v. Supreme Court of Wis.,* 979 F.2d 589, 596-98 (7th Cir.1992), *cert. denied,* 508 U.S. 941, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993).

Additionally, the Seventh Circuit in *Garry* stated, "[i]n *Rooker,* the Supreme Court held that even if a state court decision was wrong, only the Supreme Court has the power to reverse or modify that judgment, since the jurisdiction of federal district courts is strictly original. *See Gerry* at 1365 *citing Rooker v. Fidelity Trust Company*, 263 U.S. 413, 415-16 (1923).

The Defendants position is not supported by existing case law that is binding upon this Court, and his attempts to get this Court to review the Judgment of the Milwaukee Court are cause for the Answer and Affirmative Defenses to be stricken.

7

> III. <u>Defendant Has No Right to a Jury Trial in a Non-Dischargeability Action, and so his Answer and Affirmative Defenses which Claim Such Right Must Be Stricken and His Demand for Jury Trial, Denied.</u>

Defendant has demanded trial by jury pursuant to the Seventh Amendment of the U.S. Constitution which allows jury trials in cases seeking damages greater than $20.00. Setting aside the fact that the Complaint does not seek damages but rather a declaration of non-dischargeability, case law is clear that there is no right to a jury trial in bankruptcy court conferred by the Seventh Amendment. The Seventh Circuit held that "[t]he Seventh Amendment confers no right to a jury trial on a debtor…, who files voluntarily for bankruptcy and is a defendant in an adversary proceeding." *In re Hallahan*, 936 F. 2d 1496, 1506 (7th Cir. 1991).

Despite the Defendant's repeated requests for a jury trial, no such right exists in bankruptcy court. There is no equivocation in the holding by the Seventh Circuit in *Hallahan*, and it is clear that the Defendant's jury demand is without any legal basis and should thus be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff, Lauren I. Pausch, asks this Honorable Court to strike Defendant's entire Answer, Affirmative Defenses, and Jury Demand, and grant such other and further relief as is just and equitable.

> Respectfully Submitted,
> Lauren I. Pausch
>
> By: /s/ Kyle A. Lindsey_____
>    One of her attorneys

Kyle A. Lindsey
Cindy M. Johnson
Johnson Legal Group, LLC
140 S. Dearborn Street, Suite 1510
Chicago, Illinois 60603
(312) 345-1306